UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

COUNTRY MUTUAL INSURANCE )
COMPANY, )
 )
      Plaintiff, )
 )
v. ) Case No. 4:10CV193 TIA
 )
LISA WADE and ANTONYO WADE, )
 )
      Defendants. )

## MEMORANDUM AND ORDER

Defendants have a pending motion for appointment of counsel, they are proceeding in this action pro se unless and until the undersigned grants their motion. This means that Defendants are responsible for complying with all of the Court's Orders as well as the Federal and Local Rules of Civil Procedure. Failure to comply with the undersigned's Orders or the governing rules of procedure could result in sanctions.

The Court has the power to appoint counsel for Defendants under 28 U.S.C. § 1915, which provides that a "court may request an attorney represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Among the factors the Court considers in determining whether to appoint counsel are the factual complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the litigant to present his claim. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (pro se litigant has no statutory or constitutional right to have counsel appointed in civil case); see also Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (noting there is no statutory or constitutional right to appointment of counsel in civil cases and explaining the factors to be considered when ruling on motion for

appointment of counsel).

The Court finds that appointed counsel is not mandated at this time. The undersigned has examined Plaintiff Country Mutual Insurance Company's Complaint - Declaratory Judgment seeking to void the insurance policy issued to Defendants ab initio because of alleged misrepresentations made in the application by Defendant Antonyo Wade and rescind the policy pursuant to Missouri law. Based upon its review of the Complaint, as well as other motions and correspondence filed by Defendants and in light of the applicable standards set forth above, the Court believes that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this juncture of the instant action.

**IT IS HEREBY ORDERED** that Plaintiff Lisa Wade's Motion for Appointment of Counsel (Docket No. 5) is DENIED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that Defendants' Motion of Request (Docket No. 10) is GRANTED to the extent that Defendants request an additional thirty days to file a responsive pleading.

**IT IS FURTHER ORDERED** that Defendant Lisa Wade's Motion for Extension of Time (Docket No. 8) is DENIED AS MOOT.

Dated this  2nd  day of April, 2010.

       /s/Terry I. Adelman
    UNITED STATES MAGISTRATE JUDGE