UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:10CV193 TIA<br>) |
| LISA WADE and ANTONYO WADE, | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Country Mutual Insurance Company's Motion for Default Judgment, or in the alternative, for Judgment on the Pleadings (Docket No. 22) pursuant to Rule 55(b)(2), Fed.R.Civ.P. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On February 2, 2010, Plaintiff Country Mutual Insurance Company filed the instant declaratory judgment action seeking a declaration that a policy of insurance it issued to Defendants Lisa and Antonyo Wade to be void ab initio for application misrepresentation. Plaintiff obtained service on Defendant Lisa Wade on March 1, 2010 (Docket No. 4). Plaintiff obtained service on Defendant Antonyo Wade on March 29, 2010 (Docket No. 11). On March 22, 2010, Defendants filed a Motion of Request (Docket No. 10) seeking appointment of counsel and requesting a thirty-day extension to file a responsive pleading. In an Order dated April 2, 2010, the Court entered a Memorandum and Order (Docket No. 12) in relevant part granting Defendant's request of an additional thirty days to file a responsive pleading. On April 23, 2010, Defendants filed a "Responds to Declaratory Judgment and CounterClaim" (Docket No. 17) signed by Defendant Antonyo Wade.

On May 17, 2010, Plaintiff Country Mutual Insurance Company filed a Motion for Default Judgment, or in the alternative, for Judgment on the Pleadings (Docket No. 22). On May 26, 2010, Defendants filed a Response to Plaintiff's Motion for Default Judgment, or in the Alternative for Judgment on the Pleadings (Docket No. 24) and a Memorandum in Support of Response (Docket No. 25). Plaintiff has not filed a Reply thereto.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." When determining whether a default judgment is appropriate, the Court must consider whether the assertedly defaulting party has filed a responsive Answer, or other responsive pleading, prior to an entry of Default Judgment. The Court construes Defendants' "Responds to Declaratory Judgment and CounterClaim" as the Answer because it is in the interests of justice, and Plaintiff will not be prejudiced.

On the record before the Court, it is apparent that Defendants desire to contest the merits of the action. Accordingly, the Court, in its discretion and recognizing the preference to resolve actions on the merits, will deny the motion for default judgment. 10A Charles Alan Wright, Federal Practice and Procedure § 2682. But the Court notes that Defendants must comply with all applicable rules and deadlines and failure to do so risk all appropriated consequences, including a penalty of dismissal.

Upon review of the pleadings filed by Defendants, Defendant Antonyo Wade requests to file on behalf of his wife all pleadings in the instant action. "[E]very pleading ... must be signed" and the Court may strike an unsigned pleading "unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed.R.Civ.P. 11(a). Under Rule 11(a) of the Federal Rules

of Civil Procedure, each pro se party in the case must sign the pleadings. "Rule 11(a) permits [a litigant] to submit a duplicate containing his signature" to remedy noncompliance with the signature requirement." Becker v. Montgomery, 532 U.S. 757, 760 (2001). Rule 8(b)(1)(B) specifies, "In responding to a pleading, a party must admit or deny the allegations asserted against is by the opposing party." Fed.R.Civ.P 8(b)(1)(B). Accordingly, Defendants shall file an Answer in compliance with Rules 8 and 11, and the Court further orders any future pleadings to bear the signature of both Defendants.

**IT IS HEREBY ORDERED** that Plaintiff Country Mutual Insurance Company's Motion for Default Judgment, or in the alternative, for Judgment on the Pleadings (Docket No. 22) is DENIED WITHOUT PREJUDICE subject to refiling after Defendants file their Answer if deemed appropriate by Plaintiff.

**IT IS FURTHER ORDERED** that Defendants shall file an Answer in compliance with Rules 8 and 11(a) of the Federal Rules of Civil Procedure no later than July 19, 2010. Failure to comply with this Order may result in the entry of default judgment.

Dated this 1st  day of July, 2010.

        /s/Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE