UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:10CV193 TIA ) |
| LISA WADE and ANTONYO WADE, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Lisa and Antonyo Wade's Motion to Compel Discovery Responses (Docket No. 31). Plaintiff Country Mutual Insurance Company ("Country Mutual") opposes Defendants' motion, and Defendants have filed a reply brief. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

Under Federal Rule Civil Procedure 26(b)(1), '[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ. P. 26(b)(1). This phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Armstrong v. Hussman Corp., 163 F.R.D. 299, 302 (E.D. Mo. 1995) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). "A district court is afforded wide discretion in its handling of discovery matters." Cook v. Kartridg Pak Co., 840 F.2d 602, 604 (8th Cir. 1988) (internal citation omitted).

The party resisting discovery typically bears the burden of explaining why discovery should be limited. That is, after the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing

specific explanations or factual support as to how each discovery request is improper. Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993). Bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production. St. Paul Resinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000). "[T]he party resisting discovery must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." Id. (citations omitted); see also Turner v. Moen Steel Erection, Inc., 2006 WL 3392206, at *5 (D. Neb. Oct. 5, 2006) (stating that the party resisting discovery has "an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents.").

In the Complaint - Declaratory Judgment, Country Mutual seeks to void the insurance policy issued to Defendants ab initio because of alleged misrepresentations made in the application by Defendant Antonyo Wade and rescind the policy pursuant to Missouri law. Country Mutual alleges in the Complaint - Declaratory Judgment the following facts. Country Mutual issued a homeowner's policy of insurance to Antonyo Wade with Antonyo being the named insured and his wife, Lisa Wade, an insured by definition under that policy. The policy was issued to cover an owner-occupied dwelling and personal property located at 5224 Robin Avenue, St. Louis, MO 63120 with the effective date of September 17, 2007. Country Mutual issued a policy of insurance based upon the representations made by Defendant Antonyo Wade in the application. On June 26, 2009, Defendants' residence at 5224 Robin Avenue sustained a fire loss resulting in damage to the dwelling and contents therein. Country Mutual has paid benefits to Defendant Lisa Wade under the policy for additional living expense in the amount of $20,235.10 and made advances towards the contents loss in the

amount of $10,000.00. The coverage amounts paid pursuant to the policy by Country Mutual are more than the premiums with interest paid by Defendants to Country Mutual for issuance of the policy at issue. The misrepresentations made by Defendant Antonyo Wade regarding his loss history were material, and Country Mutual would not have written the policy of insurance had the true facts been known. Because of the misrepresentations in the application made by Defendant Antonyo Wade, Country Mutual seeks to void the policy ab initio and rescind the policy pursuant to Missouri law.

In the instant discovery motion, Defendants request that the Court grant their motion to compel responses to their Interrogatories. Defendants request Country Mutual produce its insurance file "and all documents contained in the file including but not limited to all correspondence, internal memorandums and e-mails, telephones[*sic*] messages, drafts of applications and policy underwriter notes and correspondence, loss reports, cause and origin reports, police reports, fire reports, and agents[*sic*]." (Defts' Mtn. To Compel Discovery Responses, at 2 (Docket No. 31 filed July 16, 2010)).

In opposition to the motion to compel, Country Mutual argues that because the motion fails to comply with Local Rule 7-4.01, the motion should be denied. Country Mutual further argues that the information requested in Interrogatories 4, 5, and 6 would be irrelevant in this case inasmuch as such information would have no effect on the application signed by Defendant Antonyo Wade containing a denial of prior losses. With respect to producing the insurance file, Country Mutual contends that the insurance file has not yet been requested for production and until sought in production, and an argument in opposition regarding production of the insurance file would be premature.

A review of Defendants' Interrogatories shows that Defendants have not filed a request for production of the insurance file. Nonetheless, a review of the Court docket sheet shows that Defendants attached as an exhibit to an earlier Motion to Compel a request for production but that the motion and exhibit were returned to Defendants inasmuch as the pleading failed to contain the signature of both pro se Defendants. (Docket No. 27 dated July 8, 2010). Likewise, Defendants represent that they served Country Mutual with "discovery in the form of (a) Request for Admissions, (b) Request for Production of Documents, and (c) Interrogatories on May 7, 2010." (Defts' Motion to Compel Discovery Responses (Docket No. 31/filed July 16, 2010)). Defendants represent on the face of the instant motion that they attached Plaintiff's responses to their discovery requests. The undersigned notes that no attachments were filed by Defendants with the instant motion. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Discovery Responses (Docket No. 31) is **DENIED** as directed to Country Wide's Answers to Defendants' Interrogatories.

**IT IS FURTHER ORDERED** that Defendants shall file with the Court a copy of Plaintiff's responses to their discovery requests, in particular Request for Admissions and Request for Production of Documents no later than August 30, 2010.

**IT IS FURTHER ORDERED** that the Rule 16 Conference Order will be filed herewith.

Dated this  13th   day of August, 2010.

         /s/Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE